```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
NATHAN COTTO,                       :
                                    : Civil Action No. 10-3624 (NLH)
            Petitioner,             :
                                    :
      v.                            : MEMORANDUM OPINION AND ORDER
                                    :
PAULA T. DOW, ESQ. Et al.,          :
                                    :
            Respondents.            :
_____ :
```

IT APPEARING THAT:

1. On July 12, 2010, Nathan Cotto ("Petitioner"), an inmate confined at the South Woods State Prison, Bridgeton, New Jersey, executed a pro se Petition seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and, on September 9, 2010, submitted his filing fee.

2. The Petition asserts that, on April 16, 2002, Petitioner was sentenced to a prison term of fifty years (with seventeen years of parole ineligibility) on a variety of charges. See Docket Entry No. 1, ¶3.

3. According to the Petition:
   a. Petitioner appealed his conviction and sentence; and
   b. on November 20, 2003, the Superior Court of New Jersey, Appellate Division, affirmed Petitioner's conviction and sentence. See id., ¶9.

4. Petitioner sought certification from the Supreme Court of New Jersey which was denied on February 1, 2005. See id.

5.  The Petition further alleges that Petitioner sought post-conviction relief ("PCR") on September 18, 2006, see id., ¶10, which was denied by the Superior Court of New Jersey, Law Division, on March 28, 2007. See id. Although the Petition is silent as to any appellate proceedings related to Petitioner's PRC, the Court's own research reveals that Petitioner presented his challenges to the Appellate Division (which affirmed the trial court's decision on November 7, 2008, see State v. Cotto, 2008 WL 4820822 (N.J. Super. App. Div. Nov. 7, 2008)), and the Supreme Court of New Jersey which denied Petitioner certification as to his PCR on July 20, 2009. See State v. Cotto, 200 N.J. 208 (2009).

6.  Almost a year later, that is, on July 12, 2010, Petitioner executed the Petition at bar.[1] See Docket Entry No. 1, at 1.

7.  On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application

---

[1] Under the "prisoner mailbox rule," the litigant's submission is deemed filed as of the date when the prisoner hand delivered the submission to his/her prison officials for mailing to the district court, that is, provided that such mailing is eventually – but in fact – received by the district court. See Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998). Since it is self-evident that Petitioner could not have delivered his Petition to prison officials prior to the date of its execution, the Court – construing the known facts in light most favorable to Petitioner for the purposes of the instant Memorandum Opinion and Order – presumes that the Petition was "filed" on July 12, 2010, although it is indeed plausible that such filing actually took place on a later date.

    for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). For the purposes of Petitioner's Application, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). A state-court criminal judgment becomes "final" within the meaning of §2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13. Here, Petitioner's AEDPA period of limitations began to run 90 days after the Supreme Court of New Jersey issued its decision as to his direct appeal, i.e., 90 days after February 1, 2005 (that is, on April 30, 2005), and expired one year later, that is, on May 1, 2006, about four and a half months prior to Petitioner's filing of his PRC (which was, according to the Petition, filed on September 18, 2006).

8. The statute of limitations under § 2244(d) is subject to tolling exception(s), that is, statutory tolling and equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 161

(3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).

9. Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), provided that the application to the state court seeking collateral review was filed during the period of limitations.

10. Here, however, no statutory tolling associated with Petitioner's filing of his PCR is applicable to the Court's analysis, since Petitioner filed his PCR months after his period of limitations expired. See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004).

11. The AEDPA statute of limitations is also subject to equitable tolling. See Holland v. Florida, 130 S. Ct. 2549 (2010), Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998). "[A] litigant seeking equitable tolling [would] bear[] the burden of establishing two elements: (a) that he has been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005); see also Holland, 130 S. Ct. 2549. The Third Circuit instructs that equitable

tolling could be appropriate only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition <u>and</u> the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  <u>LaCava v. Kyler</u>, 398 F.3d 271, 275-276 (3d Cir. 2005); <u>see also</u> <u>Holland</u>, 130 S. Ct. 2549 (same).  Mere excusable neglect is not sufficient.  <u>See</u> <u>id.</u>; <u>see also</u> <u>Merritt v. Blaine</u>, 326 F.3d 157, 168 (3d Cir. 2003); <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999).  Extraordinary circumstances have been found where: (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, <u>see</u> <u>Jones</u>, 195 F.3d at 159, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim.  <u>See</u> <u>Brinson v. Vaughn</u>, 398 F.3d 225, 230 (3d Cir. 2005). Moreover, even where extraordinary circumstances do exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances

5

therefore did not prevent timely filing."[2]  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

12. Since the Petition, as it stands now, is entirely silent as to any circumstances that might prompt this Court to consider equitable tolling applicable to the entirety of the period from May 1, 2006, to July 12, 2010 (or even to any part thereof), this Court is constrained to deem the Petition untimely and to dismiss it accordingly, without reaching the issue of due exhaustion of Petitioner's current claims or the merits of these claims.[3]

---

[2] In Holland, the record revealed that petitioner's appointed attorney failed to file a timely federal petition, despite petitioner's many letters emphasizing the importance of doing so; that the attorney did not do the research necessary to find out the proper filing date, despite petitioner identifying the applicable legal rules for him; that attorney failed to inform petitioner in a timely manner that the State Supreme Court had decided his case, despite petitioner's many pleas for that information; that the attorney failed to communicate with petitioner over a period of years, despite petitioner's pleas for responses to his letters; and that petitioner repeatedly requested the state courts to remove the attorney from his case. In light of these and other facts, the Supreme Court found that such totality of circumstances may -- although not must -- warrant equitable tolling.  See Holland, 130 S. Ct. 2549.

[3] Although the Petition at hand appears time barred, this Court is mindful of Petitioner's pro se litigant status and cannot rule out the possibility that Petitioner: (a) has valid grounds to seek equitable tolling; but (b) somehow omitted to address this issue in his instant application.  In the event Petitioner has a basis to assert that his Petition is timely, he may seek reconsideration of the instant Order.  To that effect, the Court notes that Petitioner's motion for reconsideration need not be a formal submission, and a mere written statement of

**THEREFORE IT IS** on this 21st day of October, 2010,

**ORDERED** that Petition is dismissed, as untimely, pursuant to 28 U.S.C. § 2254; and it is further

**ORDERED** that the Court denies Petitioner a certificate of appealability, pursuant to 28 U.S.C. § 2253(c);[4] and it is finally

**ORDERED** that the Clerk shall serve this Order upon Petitioner by regular U.S. mail and close the file in this matter.

    /s/ NOEL L. HILLMAN
**NOEL L. HILLMAN**
**United States District Judge**

At Camden, New Jersey

---

pertinent facts would suffice (although Petitioner's discussion of these facts must be detailed and shall address the entirety of the period at issue, i.e., from May 1, 2006, to July 12, 2010). In the event Petitioner timely submits such application, see Local Civil Rule 7.1(i) (providing that a motion for consideration "shall be served and filed within 14 days after the entry of the order or judgment"), this Court will direct the Clerk to reopen the instant matter and will examine the facts set forth in Petitioner's motion for reconsideration.

[4] The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA") on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.